JONES CREEK MIN. & MFG. CO. et al. v.
BLACK MOUNTAIN CORPORATION.
No. 8285.

Circuit Court of Appeals, Sixth Circuit.
Sept. 16, 1940.

Cleon K. Calvert, of Pineville, Ky., for appellants.

Henry L. Bryant, of Pineville, Ky., for appellee.

Before HICKS, SIMONS, and ARANT, Circuit Judges.

HICKS, Circuit Judge.

This suit was brought by appellants to quiet their title to certain lands against the claims of appellee.

A common line divides the 6,500-acre tract of land known as the Hamblin and Ledford patent. Appellants own the lands included in this patent which lie on the west side of the division or partition line and appellee the lands which lie on the east side thereof.

Stripped of all subordinate and immaterial questions the controversy is over the correct location of this partition or division line and over the title to 5.6 acres hereinafter mentioned. The location of the line involves a pure question of fact which the District Judge found in favor of appellee. A detailed discussion of the evidence will not add to its probative force. Giving consideration to the inference arising from the findings and to what we regard as the overwhelming weight of the evidence, we find no reason to disagree with the District Court as to the correct location of the line, and its decree establishing the same is affirmed.

It is stipulated that the appellants are entitled to recover the 5.6 acres upon a finding that the Duffield location of the Hamblin-Ledford 6,500-acre patent is correct. By the Duffield location is meant a survey of the 6,500-acre tract made by W. W. Duffield in 1884. The court found that the Duffield location was incorrect and this finding is no longer questioned. The correct location of the patent leaves the 5.6 acres outside of appellants' boundary lines.

But appellants insist that the Duffield location was accepted by the parties through whom appellants and appellee claim. This contention, however, is inconsistent with the calls of the deed executed to appellants' predecessors in title in 1902. This deed, by which appellants now claim, makes no reference to the Duffield location except to its beginning corner and to the ten by ten rock located at the north end of the partition line between the lands of the parties; otherwise the deed calls for the lines of the patent. Appellants must recover upon the strength of their own title and not upon the weakness of that of their adversary. They have failed to show that the 5.6 acres in controversy is within the boundary lines of their title as correctly located.

The decree is affirmed.